# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**THEODORE KRAVITS,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-1637-Orl-31KRS**

**CARPET-MILLS OF AMERICA-FLORIDA, INC. and ISAM ELSAYED,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS CARPET-MILLS OF AMERICA-FLORIDA, INC., AND ISAM ELSAYED (Doc. No. 16)** |
| **FILED:** | **March 19, 2007** |

## I. PROCEDURAL HISTORY.

On October 20, 2006, Plaintiff Theodore Kravitz filed a complaint against Carpet-Mills of America-Florida, Inc. (Carpet-Mills) and Isam Elsayed alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1. The complaint was styled as a collective action, and asserted claims by Kravitz and "numerous employees and former employees of [the defendants] [who] are similarly situated to [Kravitz] in

that they have been denied overtime compensation while employed by Defendants." *Id*. caption; ¶ 14. Kravitz sought to proceed as the representative of these other current and former employees. *Id*. ¶¶ 16-18.

The complaint was served on the defendants. Doc. No. 6 (Elsayed) and Doc. No. 9 (Carpet-Mills). Neither defendant responded to the complaint. Accordingly, at Kravitz's request, the Clerk of Court entered defaults against the defendants. Doc. Nos. 8, 11.

Kravitz then filed a motion for entry of a default judgment against the defendants. Doc. No. 12. Because the motion addressed only Kravitz's claims, I entered a supplemental briefing order requiring Kravitz to address whether the collective action allegations should be dismissed and the issue of default judgment resolved only insofar as it relates to his claims. Doc. No. 13. Kravitz responded that he "would seek to continue the collective action proceedings . . . to the extent that . . . potential opt-in Plaintiffs . . . have already retained" Kravitz's counsel. Doc. No. 14. Based on this request, I denied the motion for default judgment without prejudice and directed Kravitz to file a motion to add any individuals who had indicated a desire to join the case. Doc. No. 15.

In the present motion, counsel for Kravitz indicates that he "attempted to contact the opt-in plaintiff in order to obtain an executed opt-in form, but was unable to contact the client; thus, [Kravitz] intends to move forward on this matter in his individual capacity." Doc. No. 16 at 1 n.1.

Kravitz filed the following evidence in support of the present motion:

- Affidavit of Theodore Kravitz, doc. no. 16-2 (Kravitz Aff.);
- Affidavit of Plaintiff's Attorney's Fees and Costs, by Konstantine Pantas, which includes a time sheet for work performed by the professionals who performed work in this case, doc. no. 16-3 (Pantas Aff.);

- A proposed bill of costs, doc. no. 16-4 (Bill of Costs).

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

## III. ALLEGATIONS OF THE COMPLAINT.

Kravitz was employed by Carpet-Mills as a sales representative, and was engaged in commerce as defined by the FLSA. Doc. No. 1 ¶¶ 4, 6. Carpet-Mills is an employer as defined in the FLSA. *Id.* ¶¶ 5, 7.

Elsayed is an owner and/or officer of Carpet-Mills. He was substantially in control of the terms and conditions of Kravitz's work. As such, he is also an employer as defined in the FLSA. *Id.* ¶¶ 8, 9.

The defendants willfully failed to pay Kravitz overtime compensation for overtime work performed. *Id.* ¶ 12. "Specifically, [Kravitz] worked numerous weeks in excess of forty (40) hours, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id.* Kravitz is not an exempt employee. *Id.* ¶ 13.

**IV. ANALYSIS.**

*A. FLSA Overtime Claim.*

1. Liability.

To prevail on his FLSA overtime claim, Kravitz must establish the following:

First, that he was employed by Carpet-Mills during the time period involved;

Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that Carpet-Mills failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

"'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally

liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Carpet-Mills admits that it employed Kravitz during the relevant time period. It admits that it was an employer and was required to comply with the FLSA. It also admits that it failed to pay overtime compensation as required by the FLSA. Accordingly, Carpet-Mills is liable to Kravitz for overtime compensation due but unpaid. In addition, by failing to answer the complaint, Elsayed admits that he was substantially in control of the terms and conditions of Kravitz's work. Accordingly, Carpet-Mills and Elsayed are jointly and severally liable to Kravitz for overtime compensation due but unpaid.

2. Damages.

Under the FLSA, Kravitz is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of 40 during a workweek. *See* 29 U.S.C. § 207(a)(1). Kravitz avers that he worked for Carpet-Mills from November 15, 2005 through March 8, 2006, which I note is a total of 16 workweeks. Kravitz Aff. ¶ 2. His regular rate of pay was $6.40 per hour. *Id.* ¶ 4. While he did not keep records of his hours worked, Kravtiz's "good faith estimate is that he averaged 10 hours of overtime a week . . . and did not receive one-half times [his] regular rate of . . . pay . . . for all hours worked over 40 per week." *Id.* ¶ 5. Accordingly, Kravtiz is "owed 160 hours of unpaid overtime." *Id.*

It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and

reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not answered the complaint. Thus, I find that Kravitz's affidavit is sufficient evidence to show the amount and extent of the work he performed.

Kravitz calculates that he is entitled to a total of $1,296.00 in damages. Kravitz Aff. ¶ 5. It is unclear how Kravtiz came to this amount. Based on the averment that he did not receive "one-half times [his] regular rate of . . . pay . . . for all hours worked over 40 per week," it appears that Kravitz is only seeking the overtime premium, that is one-half his hourly rate, for those hours worked.[1] One-half of Kravitz's hourly rate ($6.40) is $3.20; $3.20 multiplied by 160 hours of unpaid overtime work results in $512.00 of unpaid overtime compensation.

3. Liquidated Damages.

By failing to answer the complaint, Carpet-Mills and Elsayed admit that they acted willfully in failing to pay Kravitz the statutorily required overtime compensation. When, as here, the defendants have not presented a defense that their failure to pay overtime compensation was in good faith, the court must also require them to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid overtime compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Carpet-Mills and Elsayed are liable, jointly and severally, to pay Kravitz the amount of unpaid overtime compensation owed to him, $512.00, as liquidated damages.

---

[1] If Kravitz had not been paid at all for the 160 hours of overtime worked, he would be entitled to receive $9.60 per hour, for a total of $1,536.00, which is also a different figure than that calculated by counsel for Kravitz.

*B. Attorney's Fees and Costs.*

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of

attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Kravitz seeks an award of $1,220.50 for the services provided by his attorneys and their paralegal and administrative assistant in connection with this case. The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id.*

1. Hourly Rate.

**a. Attorney Konstantine Pantas.**

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993. He has over eleven years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $300.00 per hour. Pantas Aff. ¶ 4; *but see id.* ¶ 8 (calculating amount of attorney time "at rate of $250.00 per hour").

I have previously noted many deficiencies in the quality of Pantas's work in FLSA cases. *See, e.g.*, *Smith v. Brevard Security Specialists, Inc.*, Case No. 6:05-cv-1652-Orl-18KRS, Doc. No. 37 (Feb. 7, 2007); *Rampersaud v. Ackeridge Communications, LLC*, Case No. 6:06-cv-125-Orl-31KRS, Doc. No. 9 (Aug. 2, 2006). As noted above, deficiencies continue in this case – notably the inconsistent positions on whether there were other opt-in plaintiffs, the incorrect calculation of overtime compensation due, and the inconsistent calculation of attorney's requested hourly rates.

The time sheet reflects that Pantas prepared the motion for final default judgment and Kravitz's affidavit, in which some of these errors were made. While I recognize that errors creep into the most meticulously reviewed work product, when the quality of an attorney's work over time shows a consistent lack of attention to detail that goes to the heart of the matter at issue, it is appropriate to award an hourly rate commensurate with the quality of the attorney's work. *Cf. Pa. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986)(noting with respect to attorneys' fees award in Clean Air Act case that "considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate . . . ."). Accordingly, I recommend that the Court find that $110 per hour is reasonable for the quality of work performed by Pantas in this case, which is an hourly rate commensurate with that of a new lawyer in the central Florida market.

**b. Attorney Jay Yenor.**

Pantas avers that Yenor has been licensed to practice law in Florida since 1992, and has over fourteen years of litigation experience. Kravitz seeks an hourly rate of $250.00 for Yenor's work in this case. Pantas Aff. ¶ 5. Based on the quality of the limited work performed by Yenor in this case, and in the absence of objection, I recommend that the Court approve this proposed hourly rate.

**c. Paralegal Jon D. Rankin.**

Kravitz also seeks compensation for the work of Jon D. Rankin, a paralegal. Pantas avers that Rankin has worked as a paralegal since 2000. He has experience drafting pleadings, discovery, motions, and affidavits. He also has strong research and writing skills "that are

equivalent to those of a law clerk rather than a paralegal." Therefore, Kravitz seeks a rate of $105.00 per hour for Rankin's services. *Id.* ¶ 6.

The only work Rankin performed in this case was to "[p]repare[ ] track 2 pleadings" on October 26, 2006. *Id.* at 6. It appears that this refers to preparing the notice of pendency of other actions and certificate of interested persons. Doc. Nos. 4 & 5 (filed October 30, 2006). The notice of pendency of other actions requires merely checking a box. The certificate of interested persons is, in these types of a cases, a form document that requires listing the parties and counsel. As such, neither required research and writing skills. Accordingly, I recommend that the Court find that a reasonable hourly rate for Rankin's work is $65.00 per hour, which is consistent with basic paralegal work in the central Florida market.

**d. Administrative Assistant Becki Rodak.**

Pantas avers that Rodak has trained and worked as an administrative assistant since 2002. She has experience in legal administrative work, including performing due diligence reviews and "asset/conflict/bankruptcy" checks. In addition to these checks, Rodak also prepared client letters, prepared damages summaries, and drafted a Freedom of Information Act request. *Id*. at 5-6. Kravitz seeks an hourly rate of $95.00 for Rodak's work in this case. *Id.* ¶ 7.

Generally, work performed by an administrative assistant is considered noncompensable, clerical work. *Cf. See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). When an administrative assistant serves as a paralegal, her work is recoverable "only to the extent that [it is] work traditionally done by an attorney. Where that is not the case, paralegal

work is viewed as falling within the category of unrecoverable overhead expenses." *Scelta*, 203 F. Supp. 2d at 1334 (internal quotations omitted).

There is no showing that the various checks performed by Rodak are work traditionally done by an attorney. To the extent that Rodak prepared damages summaries and drafted a Freedom of Information Act request, her work is properly classified as basic paralegal work that would otherwise be performed by an attorney. I recommend that the Court find that a reasonable hourly rate for Rodak's work in the role of a paralegal is $65.00 per hour, which is consistent with basic paralegal work in the central Florida market.

2. Reasonable Number of Hours.

**a. Attorney Konstantine Pantas**.

The time sheet reflects that Pantas worked 1.3 hours on October 11, 2006 doing the following: "Case management meeting with Jay Yenor, Esq." Pantas Aff. at 6. The complaint was filed on October 20, 2006. Doc. No. 1. While some pre-filing work is necessary and compensable, *see Barnes*, 168 F.3d at 436, this case appears to be similar to many of the other FLSA cases routinely handled by Pantas in this Court. Accordingly, I recommend that the Court reduce this time entry to 0.5 hours (30 minutes).

The other work performed by Pantas, totaling 1.2 hours, involved reviewing due diligence materials, and drafting the present motion and affidavits. This time is reasonable for the work performed, considering the reduction in hourly rate already recommended based on the quality of the work.

Accordingly, I respectfully recommend that the Court award fees for 1.7 hours for work performed by Pantas.

**b. Attorney Jay Yenor.**

The time sheet for the work performed by Yenor indicates that he worked preparing the complaint and cover sheet, preparing a demand letter to the defendants, and preparing the summons. Pantas Aff. at 5. All of this work is compensable. Therefore, I respectfully recommend that the Court award fees for 1.3 hours of work performed by Yenor.

**c. Paralegal Jon Rankin.**

Rankin's only entry was for "Prepared track 2 pleadings." *Id*. Based on the date this work was performed, it appears to refer to the Notice of Pendency of Other Actions and Certificate of Interested Persons. Preparation of these documents is appropriately referred to a paralegal. Therefore, I recommend that the Court award fees of 0.3 hours for work performed by Rankin.

**d. Administrative Assistant Becki Rodak.**

Rodak worked 0.8 hours on purely clerical functions, including opening internal files and running bankruptcy, conflict and criminal background checks on Kravitz. *Id*. at 5-6. These are clerical and other internal tasks that are not compensable.

Rodak worked 0.1 hour to "Send letter to client." If this task was merely as described – that is, mailing a letter – it is purely clerical time that is not compensable.

Other entries, including "Letter to Department of Labor under Freedom of Information Act," "Locate individual for service of process," and "Comprehensive Corporate location and identification search," each tasking taking 0.1 hours on October 12, 2006, *id.*, represent work that reasonably could be assigned to a paralegal. Accordingly, I respectfully recommend that the Court award fees for 0.3 hours of work performed by Rodak.

3. Lodestar.

Based on these recommendations, the lodestar attorney's fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
|---|---|---|---|
| Konstantine Pantas | $110.00 | 1.7 | $187.00 |
| Jay Yenor | $250.00 | 1.3 | $325.00 |
| Jon Rankin | $65.00 | 0.3 | $19.50 |
| Becki Rodak | $65.00 | 0.3 | $19.50 |
| Total Award: | | | $551.00 |

4. Costs.

Kravitz seeks an award of costs in the amount of $376.00 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($26.00). Bill of Costs. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001). Therefore, I recommend that Kravitz be awarded $376.00 in costs.

**V. RECOMMENDATION.**

For the foregoing reasons I respectfully recommend that Kravitz's Motion for Entry of Final Default Judgment (Doc. No. 31) be **GRANTED in part and DENIED in part**. I respectfully recommend that the collective action allegations in the complaint be **DISMISSED**. I further recommend that the Court enter a default judgment against Carpet-Mills and Elsayed on

Kravitz's FLSA claim for unpaid overtime compensation and order them to pay Kravitz damages in the amount of $1,024.00 (including liquidated damages), attorneys' fees in the amount of $551.00, and costs in the amount of $376.00. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 2nd, 2007.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy